716 F.Supp. 307 (1989)
C.B.S. EMPLOYEES FEDERAL CREDIT UNION, Plaintiff,
v.
DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION, et al., Defendants.
No. 88-2677-4B.
United States District Court, W.D. Tennessee, W.D.
May 23, 1989.
*308 Borod & Kramer, Martin H. Aussenberg, Bruce S. Kramer, F. Guthrie Castle, Jr., Memphis, Tenn., for plaintiff.
James E. McBride, Sr., pro se.
Thomas D. Yeaglin, Memphis, Tenn., for Southern Securities Inv. Bankers, Inc. and F. Lin Lawrence.
William H. Thomas, Jr., Memphis, Tenn., for John Lowery.
John D. Horne, The Winchester Law Firm, Memphis, Tenn., for F. Lin Lawrence.
Susan L. Hoffman, Tuttle & Taylor, Los Angeles, Cal., Stephen D. Wakefield, Heiskell, Donelson, Bearman, Adams Williams & Kirsch, Memphis, Tenn., for Donaldson, Lufkin & Jenrette Securities Corp. and Joseph Donnelly.

ORDER GRANTING STAY PENDING APPEAL
McRAE, Senior District Judge.
This case involves a dispute over the existence of a margin agreement which purportedly authorized defendants to make investments on behalf of plaintiff. The investments resulted in substantial losses and plaintiff now seeks to recover those losses in this action. Defendants contend, however, that this Court is the wrong forum in which to resolve this dispute. Defendants contend that the dispute should be resolved through arbitration pursuant to an arbitration clause contained in the margin agreement. Accordingly, on October 14, 1988, defendant Donaldson, Lufkin & Jenrette Securities Corporation ("DLJ") filed a motion to stay the proceedings pending arbitration. Shortly thereafter, the other defendants filed similar motions seeking to stay the proceedings pending arbitration.
On March 29, 1989, the Court entered an order which, inter alia, denied defendants' motions to stay the proceedings pending arbitration. The Court held "[S]ince plaintiff's allegations of fraud go to the very nature of the agreement, it is for the Court and not the arbitrator, to determine whether an agreement exists." Order on Pending Motions, p. 9. Should the Court determine, however, that a valid agreement does exist between the parties, the case should then go to arbitration for any further proceedings.
Defendants DLJ and Joseph D. Donnelly have appealed the above-mentioned order and are presently before the Court on their motion to stay the proceedings pending the conclusion of the appeal. Though the remaining defendants have not appealed, in the interest of judicial economy, they have also filed motions to stay the proceedings pending the appeal. For the reasons stated herein, defendants' motions to stay pending appeal are hereby granted.

DISCUSSION
On November 19, 1988, the President signed into law the Judicial Improvements and Access to Justice Act (the "Act"), Public Law 100-702. The Act, inter alia, amended Section 15 of the Federal Arbitration Act to allow for the immediate appeal of an order refusing to stay an action pending arbitration.[1] The Act also specifically *309 prohibits interlocutory appeal from an order staying an action pending arbitration. See 9 U.S.C. § 15(b).
Before the enactment of Section 15, the appealability of orders granting or denying stays of legal proceedings pending arbitration was an open question. Though the Supreme Court in Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) held "that orders granting or denying stays of `legal' proceedings on `equitable' grounds are not automatically appealable under [28 U.S.C.] § 1292(a)(1)," it did hold that interlocutory review of district court orders would still be available when such review was truly needed. 108 S.Ct. at 1142. The Court stated further that "[S]ection 1292(a)(1) will, of course, continue to provide appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have `serious, perhaps irreparable, consequences.'" Id., (quoting Carson v. American Brands, Inc., 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981)).
In determining whether orders denying stays pending arbitration were appealable under the "serious, perhaps irreparable, consequence" standard, the circuit courts have been split. Some courts have held that the time and expense of litigation did not constitute irreparable harm, and the party seeking the immediate appeal would have to wait until the district court rendered its final judgment before appealing. See Queipo, et al. v. Prudential Bache Securities, Inc., 867 F.2d 721, CCH Fed. Sec.L.Rep. [current] ¶ 94,350 (1st Cir.1989); McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co., 849 F.2d 761 (2nd Cir.1988). Other courts, however, have held that such orders are appealable, finding the expense and delay of a trial to be a "serious, perhaps irreparable," consequence "effectually challenged" only by immediate appeal. See Alascom, Inc. v. ITT North Electric Co., 727 F.2d 1419, 1422 (9th Cir.1984). See also Commonwealth Ins. Co. v. Underwriters, Inc., 846 F.2d 196, 197-99 (3rd Cir.1988).
With the enactment of Section 15, Congress settled the dispute between the circuits and stated that all orders denying stays pending arbitration would be appealable. In so doing, Congress in effect, did away with the "serious, perhaps irreparable" harm requirement of appealability for orders denying stays.
Though Section 15 clears up the question of the appealability of orders denying stays pending arbitration, it does not address a party's right to have the proceedings stayed pending such appeal. Therefore, the general standards governing stays of proceedings under Rule 62 of the Federal Rules of Civil Procedure apply to the present case. In Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1986), the Supreme Court recently espoused a four-prong test to be used in determining whether a movant is entitled to a stay under Rule 62(c): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) [whether] public interest [favors a stay]." Id. at 776, 107 S.Ct. at 2119.
In applying the first prong of the Hilton test to the present case, it is unlikely that a district court would ever be able to find that defendants will be likely to succeed on the merits of their appeal. To make such a finding, the district court would be saying that it erred in not granting defendant's original motion to stay the proceedings pending arbitration, and that the court of appeals is likely to reverse its decision. This Court is not prepared to make such a statement and does not feel that it must in order to satisfy the first prong of the Hilton test. In Washington Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841 (D.C.Cir.1977), the court stated:
A court, when confronted with a case in which the other three factors strongly *310 favor interim relief, may exercise its discretion to grant a stay if the movant has made a substantial case on the merits. The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits.
559 F.2d at 843. The Washington Area Transit court went on to state that the first prong of the test is satisfied when the movant presents a "serious legal question," regardless whether he has shown a mathematical probability of success. Id. at 844.
Though this Court is confident that it correctly denied defendants' motion to stay proceedings pending arbitration, the Court notes that defendants' appeal does address serious legal questions. Therefore the Court finds that defendants have satisfied the first prong of the Hilton test.
In order to satisfy the second prong of the Hilton test, defendants must show that they will be irreparably harmed unless such stay is granted. Hilton, 481 U.S. at 776, 107 S.Ct. at 2119. Defendants contend that they will have to incur the expense of litigation if a stay is not granted and that is sufficient to constitute irreparable harm. Though the Court notes that monetary expenses incurred in litigation are normally not considered irreparable, this is a unique situation.
The main purpose for defendants' appeal is to avoid the expense of litigation. If defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless. Therefore, this Court finds the time and expense of litigation to constitute irreparable harm in this instance. As the court noted in Alascom, supra, if a party "must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration  speed and economy  are lost forever. We find this consequence `serious, perhaps irreparable.'" Alascom, Inv. v. ITT North Electric Co., 727 F.2d at 1422.
The third prong of the Hilton test is whether the issuance of the stay would substantially injure the other parties interested in the proceeding. Hilton, supra. Plaintiff contends that any further delay in this case would result in the "inevitable dispersement of the critical witnesses," thus causing substantial injury to plaintiff. See Plaintiff's Response to Motion to Stay Pending Appeal at 6. Plaintiff further contends that the passage of time will make it more difficult to locate informal documents which would aid in the presentation of its case. Id. at 7. Plaintiff, however, cites to no particular witnesses or documents and speaks only in general terms. Though the Court notes that delay in trial will inherently impose some disadvantage on plaintiff, the Court does not find this disadvantage equivalent to "substantial injury" in the present case. Therefore, the third prong of the test is satisfied.
The final prong of the Hilton test is whether public policy supports the granting of the stay. Hilton, supra. The Court finds that it does. Though public policy generally favors prompt resolution of disputes, it also favors an efficient allocation of judicial resources. It does not make sense for this Court to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case. It should be noted that this Court remains firm that it is the proper forum to determine whether an agreement exists between the parties. Until, however, the court of appeals affirms that decision, these proceedings shall be stayed as to all defendants, including the non-appealing parties.

Conclusion
Defendants' motion to stay pending appeal of this Court's previous order denying a stay pending arbitration is hereby granted.
IT IS SO ORDERED.
NOTES
[1] Title 9 U.S.C. § 15(a) provides:

"(a) an appeal may be taken from:
(i) an order:
(A) refusing a stay of any action under Section 3 of this title,...."