[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 26, 2004**
**THOMAS  K. KAHN**
**CLERK**

No. 04-10888

D.C. Docket  No.  04-00015-CV-J-16-HTS

JACK BLINCO, JR., on behalf of himself
and others similarly situated,  DEBORAH BLINCO,
on behalf of herself and others similarly situated,

Plaintiffs-Appellees,

versus

GREEN TREE SERVICING, LLC,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(April 26, 2004)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

In this putative class action against Green Tree Servicing LLC ("Green Tree"), Jack and Deborah Blinco allege that Green Tree failed to notify them of the transfer of the servicing of their loan in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605©). Green Tree moved the district court to stay the litigation and compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., based on the following arbitration clause in the note executed by Jack Blinco:

> All disputes, claims or controversies arising from or relating to this contract or the relationships which result from this contract, or the validity of this arbitration clause or the entire contract, shall be resolved by binding arbitration by one arbitrator . . . . This arbitration contract is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The Parties agree and understand that they choose arbitration instead of litigation to resolve all disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein . . . . The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this contract.

The district court denied the motion to compel arbitration and denied the motion to stay. Green Tree appealed the denial of its motion to compel arbitration under 9

2

U.S.C. § 16(a)(1)(A). The district court then refused to stay the litigation pending appeal, and Green Tree now asks this Court for that relief.

The district court denied the motion to stay pending appeal because, although the court concluded that the appeal was not frivolous, the district court stated that it did not want "to set a precedent of placing cases on hold while defendants seek interlocutory appeals of the [c]ourt's orders." The court found no reason to delay discovery and proceedings pertaining to class certification. The district court also reasoned that a stay was unnecessary because the issue of arbitrability would be decided on appeal before trial.

Whether a party is entitled to a stay of all proceedings in the district court until resolution of an appeal from a denial of arbitration is an issue of first impression for this Court. The circuit courts that have considered the issue are split. Compare Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997) (holding that, upon motion, a stay of litigation in the district court is proper during the pendency of a non-frivolous appeal of a denial of a motion to compel arbitration) with Britton v. Co-op Banking Group, 916 F.2d 1405 (9th Cir. 1990) (denying a stay of proceedings in the district court during an appeal from a denial of a motion to compel arbitration) and In re Salmon Inc. Shareholders' Derivative Litigation, 68 F.3d 554 (2d Cir. 1995) (refusing to

3

stay proceedings in the district court while arbitrability issue is pending on appeal, but not providing clear basis for decision).

At least one district court in this Circuit has followed the reasoning of the Seventh Circuit and stayed its proceedings pending an appeal of the denial of a motion to compel arbitration. See Baron v. Best Buy Co., 79 F. Supp. 2d 1350, 1353 (S.D. Fla. 1999). We too are persuaded by the reasoning of the Seventh Circuit in Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., that, upon the filing of a non-frivolous appeal under 9 U.S.C. § 16(a), the district court should not exercise control over the aspects of the case involved in the appeal. 128 F.3d at 505-06. Upon motion, proceedings in the district court, therefore, should be stayed pending resolution of a non-frivolous appeal from the denial of a motion to compel arbitration.

The Supreme Court has explained that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 401 (1982); see also Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373,

4

379, 105 S.Ct. 1327, 1331 (1985), reh'g denied, 471 U.S. 1062, 105 S.Ct. 2127 (1985). The only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court. The issue of continued litigation in the district court is not collateral to the question presented by an appeal under § 16(a)(1)(A); "it is the mirror image of the question presented on appeal." Bradford-Scott Data Corp., 128 F.3d at 505.

Section 16 of the Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. See 9 U.S.C. § 16(a)(1)(A). By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums. If the court of appeals reverses and orders the dispute arbitrated, then the costs of the litigation in the district court incurred during appellate review have been wasted and the parties must begin again in arbitration. As explained by the Seventh Circuit, these considerations favor granting a motion to stay the proceedings in the district court pending the resolution of an interlocutory appeal from the denial of a motion to compel arbitration. See Bradford-Scott Data Corp.,

5

128 F.3d at 506 ("Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending."). Thus, the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court, and a non-frivolous appeal warrants a stay of those proceedings.

We are unpersuaded by the two reasons articulated by the Ninth Circuit in refusing to stay proceedings in the district court pending appeal under § 16(a). First, the Ninth Circuit concluded that an appeal concerning arbitrability does not affect the proceedings in the district court to resolve the merits, Britton, 916 F.2d at 1412, but as the Seventh Circuit explained, "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide." Bradford-Scott Data Corp., 128 F.3d at 506. Second, the Ninth Circuit expressed its concern that an automatic stay would allow a litigant the ability to disrupt the schedule of the district court by frivolous appeals. See Britton, 916 F.2d at 1412. Again, as the Seventh Circuit reasoned, upon motion, a court of appeals, however, can either dismiss the appeal as frivolous or affirm summarily the denial of the motion to compel arbitration. See Bradford-Scott Data Corp., 128 F.3d at 506

(citing <u>Abney v. United States</u>, 431 U.S. 651, 662 n.8, 97 S.Ct. 2034, 2042 n.8 (1977), <u>Apostol v. Galion</u>, 870 F.2d 1335, 1339 (7th Cir. 1989), and <u>Goshtasby v. University of Illinois</u>, 123 F.3d 427, 428 (7th Cir. 1997)). In any event, a stay need not be granted at the outset if the appeal is frivolous.

As explained by the Seventh Circuit, the concern about frivolous appeals is equally applicable to appeals from the denial by a district court of entitlement of a government official to immunity. <u>See</u> <u>id.</u> The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. <u>See</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); <u>Elliott v. Perez</u>, 751 F.2d 1472, 1478 (5th Cir. 1985) ("[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford."). A district court, therefore, properly stays discovery pending appeal of a denial of immunity. <u>See</u> <u>Goshtasby</u>, 123 F.3d at 428; <u>Apostol</u>, 870 F.3d at 1339; <u>Workman v. Jordan</u>, 958 F.2d 332, 336 (10th Cir. 1992); <u>Summit Medical Assoc., P.C. v. James</u>, 998 F.

7

Supp. 1339, 1342-43 (M.D. Ala. 1998). Then, "[e]ither the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case. Otherwise preparation for trial must be suspended until the court of appeals renders a decision." Bradford-Scott Data Corp., 128 F.3d at 506. The arbitrability of a dispute similarly gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court and bear the associated burdens. Both instances involve the threshold issue of the authority of the district court to entertain the litigation. When a non-frivolous appeal involves the denial of a motion to compel arbitration, it makes little sense for the litigation to continue in the district court while the appeal is pending.

Accordingly, the proper course for obtaining a stay in this context follows. When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district should stay the litigation so long as the appeal is non-frivolous. If the district court denies the motion to stay, then the appellant may file a motion to stay in this Court. If this Court then determines that the appeal is non-frivolous, then this Court should stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration.

Following this process, we conclude that this appeal is not frivolous, and

8

accordingly we grant the motion to stay proceedings in the district court pending the appeal of the denial of the motion to compel arbitration. We deny as moot the request for oral argument of the motion to stay.