ON MOTION FOR REVIEW OF STAY ORDER

GROSS, J.
This is a motion for review of an order denying a stay of circuit court proceedings filed pursuant to Florida Rule of Appellate Procedure 9.310(f).
The appellants moved to compel arbitration in the circuit court. The trial judge denied their motion and later denied their motion to stay the circuit court action pending this appeal.
We reject appellants’ argument that section 682.03(3), Florida Statutes (2006), mandates that a stay be granted in this case. That section provides that “[a]ny action or proceeding involving an issue subject to arbitration ... shall be stayed if an order for arbitration or an application therefor has been made under this section .... ” The Arbitration Code uses the term “application” as a synonym for “motion.” See § 682.03(1), Fla. Stat. (2006) (providing that a “party to an agreement or provision for arbitration ... may make application to the court for an order directing the parties to proceed with arbitra *590 tion”); § 682.12, Fla. Stat. (2006) (stating that “[u]pon application of a party to the arbitration, the court shall confirm an award ... ”). It is clear that the statute mandates a stay while a motion for arbitration is pending. We decline to expand the statutory language to require a stay after a motion for arbitration has been denied and that denial is on appeal. The portion of the Arbitration Code explicitly dealing with appeals, section 682.20(1)(a), Florida Statutes (2006), states that an appeal may be taken from “[a]n order denying an application to compel arbitration made under s. 682.03.” Section 682.20(2) provides that “[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.” A stay of a final or non-final order is a discretionary decision of the trial court. See Fla. R.App. P. 9.310(a). To read section 682.03(3) as broadly as appellants urge would be to nullify the legislative direction given in section 682.20(2).
Appellants urge us to adopt the rationale of Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249 (11th Cir.2004). Without deciding the persuasiveness of this authority in light of Chapter 682, we note that we agree with the approach of Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53-54 (2d Cir.2004) and Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir.1990).
The motion for review of stay order is denied.
GUNTHER and TAYLOR, JJ., concur.