[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 25, 2009
THOMAS K. KAHN
CLERK

No. 09-10807
Non-Argument Calendar

_____

D.C. Docket No. 08-03686-CV-WSD-1

MIKE REDFORD,

                                                        Plaintiff-Appellant,

versus

GWINNETT COUNTY JUDICIAL CIRCUIT,
JUDGE R. TIMOTHY HAMIL,
in official and individual capacity,
JUDGE MARK LEWIS,
in official and individual capacity,
JUDGE RONNIE K. BATCHELOR,
in official and individual capacity,
CHILDHOOD SUPPORT SERVICES, LAWRENCEVILLE,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 25, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Mike Redford, proceeding pro se, appeals from the district court's order granting the Gwinnett County Judicial Circuit's, Judge R. Timothy Hamil's, Judge Mark Lewis's, Judge Ronnie K. Batchelor's, and Child Support Services' ("defendants") motion to dismiss his complaint, denying his motion for a temporary restraining order ("TRO") and preliminary injunction, and denying his motion to disqualify the magistrate judge. He also appeals the magistrate judge's order staying discovery pending resolution of defendants' motion to dismiss. In his complaint, brought under 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, he claimed that defendants violated his civil rights in state court proceedings regarding his divorce, child custody arrangement, child support obligations, and incarceration for failing to pay child support.[1]

I.

Redford challenges the three grounds upon which the district court based its decision to grant defendants' motion to dismiss. We review a district court ruling on a Fed. R. Civ. P. 12(b)(6) motion de novo. Hill v. White, 321 F.3d 1334, 1335

---

[1]The district court also dismissed defendant Theresa Chinwe Redford from the case, and dismissed Redford's claims under § 1981 and Title VII. Those decisions are not at issue on appeal.

2

(11th Cir. 2003).

First, Reford argues that the district court erred in concluding that his suit was barred by Georgia's two-year statute of limitations. Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Georgia has a two-year statute of limitations for personal injury actions. Lovett, 327 F.3d at 1182; Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Federal law determines when the statute of limitations is triggered, and it begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003). Applying that standard, the district court did not err in concluding that Redford's claims were barred by Georgia's two year statute of limitations where he filed this proceeding in 2008 attacking state court judgments entered against him between 2000 and 2003.

Redford also contends that res judicata did not apply, as his injuries are ongoing. Res judicata will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present

3

causes of action are the same. Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000) (citation omitted). Res judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact. NAACP v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990).

Redford previously filed suit against Judges Hamil and Lewis in the federal district court in 2004, alleging that they improperly placed him in jail and had interfered with his relationship with his wife and children. Both complaints were dismissed as frivolous. The prior decisions were rendered by a court of competent jurisdiction, as federal courts have original jurisdiction over § 1983 claims. See 28 U.S.C. § 1331. The district court issued final decisions on the merits in these previous suits and Judges Hamil and Lewis were both parties to this suit and the previous suits. In addition, the present and prior actions arose out of the same nucleus of facts. Specifically, all the suits involved Judge Hamil's and Judge Lewis's roles in Redford's child custody battle with his former spouse and the decision to incarcerate him for failing to make child support payments. Thus, all the elements for res judicata to apply are present in this case. See Jang, 206 F.3d at 1149. Accordingly, the court did not err determining that res judicata barred Redford's claims against Judges Hamil and Lewis.

4

Finally, Redford argues that the Rooker-Feldman[2] doctrine did not apply to his complaint, as he alleged violations of his due process rights. Under the Rooker-Feldman doctrine, federal courts lack subject-matter jurisdiction over certain matters related to previous state court litigation. Goodman, 259 F.3d at 1332. "The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996).

> [The] Rooker-Feldman [doctrine] bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (citation omitted). "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citation omitted).

---

[2] Rooker v. Fidelity Trust Co,, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Dist. of Columbia v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Redford's complaint was an explicit attempt to use the federal courts to overturn the Georgia state courts' decisions regarding his divorce, child custody arrangement, and child support obligations, and to attack the legality of his incarceration for refusing to pay child support. He challenges, among other things, the state courts' application of state law. It is undisputed that Redford was a party in all of the state actions and that those state actions resulted in final judgments. In addition, he does not allege any facts that would support a finding that he was unable to raise in those suits the alleged constitutional abuses or state law claims that he raised in the instant suit. The state courts ruled in a way that Redford found unfavorable and he now asks the federal court for relief that would, in essence, overturn those state court decisions. Such collateral review of state court decisions is barred by the <u>Rooker-Feldman</u> doctrine and the court did not err concluding that the doctrine precluded federal jurisdiction in this case.

## II.

Second, Redford argues that the district court abused its discretion by denying his motion for a TRO and preliminary injunction. He contends that defendants engaged in "character assassination," which warranted the granting of a TRO and preliminary injunction.

We ordinarily do not have jurisdiction over appeals from orders granting or

6

denying TROs. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th

Cir. 2005). However, "when a grant or denial of a TRO might have a serious,

perhaps irreparable, consequence, and can be effectually challenged only by

immediate appeal, we may exercise appellate jurisdiction." Id. (citation omitted).

In these circumstances, we treat the TRO as equivalent to a preliminary injunction.

Id.

We review the district court's grant or denial of a preliminary injunction for

abuse of discretion. Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th

Cir. 2001). To be entitled to a preliminary injunction, the movant must

demonstrate that:

> (1) it has a substantial likelihood of success on the merits, (2) the
> movant will suffer irreparable injury unless the injunction is issued,
> (3) the threatened injury to the movant outweighs the possible injury
> that the injunction may cause the opposing party, and (4) if issued, the
> injunction would not disserve the public interest.

Horton, 272 F.3d at 1326. "[A] preliminary injunction is an extraordinary remedy

not to be granted unless the movant clearly established the 'burden of persuasion'

as to each of the four prerequisites." Siegel, 234 F.3d at 176 (citation omitted).

Redford's implausible allegations were insufficient to meet his burden of

persuasion for a preliminary injunction. In addition, Redford did not show a

substantial likelihood of success on the merits, as his claims were barred for the

7

reasons discussed above. As such, the court did not abuse its discretion denying Redford's motion for a TRO and preliminary injunction.

## III.

Third, Redford argues that the magistrate judge abused its discretion by staying discovery pending a decision on defendants' motion to dismiss. He contends that the magistrate should not have stayed discovery based on defendants' claim of judicial immunity, as he sought injunctive relief only, and, as such, judicial immunity would not apply.

"Matters pertaining to discovery are committed to the sound discretion of the district court and, therefore, we review under an abuse of discretion standard." Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990). We have stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1267 (11th Cir. 1997). We have also stated the "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004). Therefore, we noted that subjecting officials to traditional discovery

8

concerning acts for which they are likely immune would undercut the protection immunity was meant to afford. Id.

Defendants raised several arguments, including a claim of immunity, which, on their face, raised serious questions regarding the viability of Redford's complaint. As such, the magistrate did not abuse its discretion in concluding discovery should be stayed pending resolution of defendants' motion to dismiss.

IV.

Finally, Redford contends that the district court abused its discretion by denying his motion to disqualify the magistrate judge. He contends that the magistrate's decision to stay discovery was motivated by racial prejudice.

A district judge's decision whether to recuse herself is reviewed for an abuse of discretion. Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320-21 (11th Cir. 2002). Under 28 U.S.C. § 455(a), a district judge or magistrate judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Thomas, 293 F.3d at 1329. Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except "when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it

constitutes bias against a party." Id. (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Draper v. Reynolds, 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994)). We have stated that unsupported and conclusory allegations are not sufficient to warrant disqualification, noting that "[a] judge should not recuse himself based upon unsupported, irrational, or tenuous allegations." Giles v. Garwood, 853 F.2d 876, 878 (11th Cir. 1988). Redford's conclusory allegations of bias were insufficient to support recusal. Therefore, the district court did not abuse its discretion by denying his motion to disqualify the magistrate.

**AFFIRMED.**