**Barbara Elizabeth LAWSON, et al., Plaintiffs,**

v.

**LIFE OF the SOUTH INSURANCE COMPANY, Defendant.**

Case No. 4:06–cv–42 (WLS).

United States District Court, M.D. Georgia, Columbus Division.

Sept. 23, 2010.

O. Wooten, Jr., Samuel W. Oates, Jr., Teresa Thomas Abell, Brandon Lee Peak, Kate S. Cook, Columbus, GA, Alfred Nicholas Corriere, Albany, GA, for Plaintiffs.

Benjamin Arthur Land, Jerry Alan Buchanan, Trisha Hargrove, Columbus, GA, Jeffrey M. Grantham, Lee E. Bains, Jr., Lorrie Lynn Hargrove, Charles Andrew Kitchen, Birmingham, AL, for Defendant.

### ORDER

W. LOUIS SANDS, District Judge.

Presently pending before the Court are Plaintiffs' Motion for Order Preserving Evidence (hereinafter "Motion to Preserve") (Doc. 107) and Defendant's Motion to Stay Consideration of Plaintiffs' Motion for Order Preserving Evidence (hereinafter "Motion to Stay") (Doc. 112). For the reasons set forth below, Plaintiffs' Motion to Preserve (Doc. 107) is **STAYED,** and Defendant's Motion to Stay is **GRANTED** (Doc. 112).

### PROCEDURAL and FACTUAL BACKGROUND

Plaintiffs filed the instant putative class action against Defendant on March 13, 2006, in the Superior Court of Muscogee County, Georgia. (Doc. 1–1). Defendant removed the action to this Court on April 12, 2006, pursuant to the Class Action Fairness Act of 2005. (Doc. 1). In their Complaint, Plaintiffs state claims of breach of contract, unjust enrichment, and negligence, among others, based on Defendant's failure to refund Plaintiffs' unearned credit insurance premiums, to which Plaintiffs claim they were entitled, pursuant to a contract with Defendant, after their prepayment of the car loan which the credit insurance policy covered. (Doc. 1–1).

Austin Gower, Ben B. Philips, Charles Austin Gower, James E. Butler, Jr., Joel

On April 12, 2010, Defendant noticed to the Eleventh Circuit its interlocutory ap-

peal, under 9 U.S.C. § 16(a), of the Court's March 31, 2010 Order (Doc. 94), 2010 WL 1416551, denying Defendant's Motion to Compel Arbitration and Dismiss the Action (Doc. 63). (Doc. 95). In light of the pending status of the interlocutory appeal, Defendant then filed with this Court a Motion to Stay All Proceedings Pending Appeal (Doc. 98), which the Court granted-in-part and denied-in-part on June 23, 2010. (*See* Doc. 106). The Court based its decision to grant-in-part on Plaintiffs' admission that they did "not oppose a stay during the pendency of [Defendant's] appeal." (Doc. 106 (citing Plaintiffs' Response to Defendant's Motion to Stay All Proceedings)). Its decision to deny-in-part was based on Plaintiffs' request in its Response (*see* Doc. 103) to Defendant's Motion to Stay All Proceedings (Doc. 98) for the Court to take all necessary measures to ensure that Defendant preserves evidence pertinent to putative class members' claims. (Doc. 106).

In response to this request, the Court directed Plaintiffs to raise their request—which amounted to a request for a protective order—in a properly filed motion. (Doc. 106). Plaintiffs thereafter filed the Motion to Preserve (Doc. 107) and Supporting Memorandum (Doc. 108), collectively referred to as "Motion to Preserve," on July 23, 2010. Therein, they request the Court to enter a protective order to ensure that Defendant preserves, during the stay granted in the Court's June 23, 2010 Order (Doc. 106), all relevant data, documents, and loan termination dates for all putative class members. (Docs. 107, 108).

Defendant thereafter filed an Opposition (Doc. 113) to Plaintiffs' Motion to Pre-

serve, as well as a Motion to Stay Consideration of Plaintiffs' Motion to Preserve[1] (Doc. 112) on August 27, 2010. In both briefings, Defendant argues that the appeal before the Eleventh Circuit divests this Court of jurisdiction to grant Plaintiffs' Motion to Preserve. (*See* Docs. 112, 113). While Plaintiffs filed no opposition or response to Defendant's Motion to Stay, Plaintiffs filed a Reply Brief (Doc. 114) to Defendant's Opposition (Doc. 113) on September 10, 2010, wherein Plaintiffs argue, among other assertions, that this Court has the power to preserve the status quo of this case by granting the protective order request while the case is on appeal. Based on the foregoing procedural history, the only issue before this Court is whether the Court has jurisdiction to enter Plaintiffs' requested protective order while the Court's Order (Doc. 94) denying Defendant's Motion to Compel Arbitration (Doc. 63) is pending before the Eleventh Circuit.

## DISCUSSION

### I. *Plaintiffs' Motion to Preserve*

In their Motion to Preserve, Plaintiffs request "the Court to enter an Order memorializing the Court's previous verbal instructions to Defendant to preserve the relevant data, documents and loan termination dates for all putative class members during the stay of the case pending Defendant's Eleventh Circuit appeal." (Docs. 107, 108). Plaintiffs carefully note that they are not asking Defendant to *produce* the loan termination dates—which they claim are pertinent to class certification issues—or to open discovery, but instead are asking, in a more limited fashion, that

---

1. On or about August 26, 2010, Defendant also filed with the Eleventh Circuit a Motion to Stay All Proceedings in the District Court pending the Circuit's resolution of the appeal of this Court's denial of arbitration. (*See* Doc. 112, Ex. 1). This Motion is still pending before the Eleventh Circuit. (*See generally* Docket).

Defendant preserve such information to maintain the status quo of the case during the pendency of the appeal. (Doc. 108 at 3 & n. 2; Doc. 114 at 1, 3). Plaintiffs appear to base their request on Defendant's repeated refusal to produce relevant documents in the case; in Plaintiffs' words, "Defendant has repeatedly hid[ ] behind th[e] lack of discovery." (Doc. 108 at 1; Doc. 114 at 1).

Plaintiffs contend, however, that Defendant has a duty to preserve all relevant evidence, namely putative class members' loan termination dates, which, according to Plaintiffs, are within Defendant's possession, custody, and control. (Doc. 108 at 1–2). Moreover, because the loan termination dates are maintained in dealer or lender files or by credit reporting agencies for finite periods of time and thus, are easily lost, Plaintiffs argue that it is incumbent on the Court to issue the protective order before the requested information no longer exists. (Doc. 108 at 3–4; Doc. 114 at 2 (referencing affidavits from other credit insurance cases to evidence likelihood of insureds' loan termination dates being lost)).

While Plaintiffs acknowledge Supreme Court and Eleventh Circuit precedent holding that the district court is divested of jurisdiction during the pendency of an appeal, Plaintiffs simultaneously argue that this "rule is not . . . absolute." (Doc. 108 at 4 (emphasis omitted) (quoting *Matter of Thorpe*, 655 F.2d 997, 998 (9th Cir. 1981))). The district court, Plaintiffs explain, has the power to control its docket and maintain the status quo of cases during the pendency of an appeal, which includes the power to issue a preservation order in this case. (Doc. 108 at 5 (citing *Natural Resources Defense Council Inc. v.*

*Sw. Marine Inc.* ("NRDC"), 242 F.3d 1163 (9th Cir.2001), as an example of when the district court can preserve the status quo of a case while on appeal)). Plaintiffs therefore request the Court to order Defendant to make the necessary arrangements with the appropriate entities storing the requested information to prevent the spoliation or destruction of the requested information. (Doc. 114 at 4).

## II. *Defendant's Motion to Stay*

Citing *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir.2004), and *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–69 (11th Cir.1997), Defendant opposes Plaintiffs' Motion to Preserve (Doc. 107), moving this Court on two independent grounds to enter an order to stay the consideration of Plaintiffs' Motion to Preserve pending the Eleventh Circuit's decision on Defendant's Motion to Stay All Proceeding in the District Court [2] and Defendant's appeal of this Court's denial of Defendant's Motion to Compel Arbitration. (Doc. 112 at 2). Defendant first asserts that under *Blinco*, the Court lost jurisdiction to consider Plaintiffs' preservation order, which Defendant construes as a discovery order, once Defendant filed its Notice of Appeal (Doc. 95) in April 2010. Defendant notes that *Blinco* mandates that all proceedings in a district court must be stayed during the pendency of the appeal involving a motion to compel arbitration, for the nature of the appeal concerning arbitration is the fundamental issue that divests this Court of jurisdiction. (Doc. 112 at 6). According to Defendant, the Court's decision to proceed with this matter by granting Plaintiffs' Motion to Preserve would be inconsistent with the cost and time saving principles of the im-

---

2. *See id.*

mediately appealable nature of an order denying arbitration under the Federal Arbitration Act (FAA). (Doc. 112 at 5).

Furthermore, Defendant notes that none of the few exceptions that allow the district court to continue proceedings during appeal—such as "aid[ing] ... appeal, ... correct[ing] clerical mistakes or ... aid[ing] ... the execution of a judgment that has not been superseded," *Showtime/The Movie Channel Inc. v. Covered Bridge Condominium Assoc., Inc.*, 895 F.2d 711, 713 (11th Cir.1990)—are present here. (*See* Docs. 112, 113). Rather, because the only issue for the Eleventh Circuit is one that may dispose of the case and send it to arbitration, Defendant argues that this Court must stay consideration of Plaintiffs' Motion to Preserve. (Doc. 112 at 5, 6). Otherwise, argues Defendant, the FAA goals of avoiding the costs and time associated with "judicial dispute resolution" through arbitration are lost if a "case proceeds in both judicial and arbitral forums." (Doc. 112 at 5 (citing *Blinco*, 366 F.3d at 1251)).

Second, Defendant argues that Plaintiffs' Motion to Preserve is procedurally premature under *Chudasama* in asking the Court to rule on discovery matters before the Eleventh Circuit's resolution of a motion that could end the litigation. (Doc. 112 at 4). Because the court found in *Chudasama* that the dispositive nature of a motion to dismiss precludes the need for compelled, burdensome discovery, Defendant, by analogy, argues that the entry of a motion to compel arbitration, also dispositive in nature, would obviate the need for any order governing discovery. (Doc. 112 at 6 (citing *Chudasama*, 123 F.3d at 1367)). Therefore, because there are no issues of fact that need to be discovered for the resolution of the arbitration

issue on appeal, Defendant argues that Plaintiffs' Motion to Preserve should be stayed until the pending appeal is resolved. (Doc. 112 at 6–7). The requested stay, Defendant argues, will thereby avoid the redundancy of analysis in different forums as well as the expenses and burdens associated with discovery requests that Defendant would incur—particularly because the information which Plaintiffs request is outside of Defendant's control and possession—if it had to comply with an order granting Plaintiffs' Motion to Preserve. (Doc. 112 at 6–7; Doc. 113 at 10, 11–12).

Lastly, in its Opposition, Defendant asserts that Plaintiffs' Motion to Preserve is superfluous given Defendant's pre-existing duty to preserve relevant evidence under the Federal Rules of Civil Procedure. (Doc. 113 at 8 (citations omitted)). Specifically, to Defendant, it is unnecessary and a waste of the court's resources to supplement a complaint with an order requiring compliance with the Federal Rules when Defendant already has a duty to comply therewith. (Doc. 113 at 9). And according to Defendant, Plaintiffs have presented no evidence to indicate that the requested information faces the risk of being lost or destroyed at Defendant's hands such that a preservation order is required; rather, Defendant states that Plaintiffs merely speculate that such a risk exists without proof. (Doc. 113 at 9). Defendant therefore contends that its Motion to Stay (Doc. 112) should be granted.

### III. *Analysis*

 The controlling issue before the Court raised by the parties' arguments concerns the interplay between the district court and appellate court upon the filing of a notice of an appeal—specifically, the lev-

el of deference that the former must give to the jurisdictional authority of the latter. Supreme Court and Eleventh Circuit precedent reveal that "[t]he filing of a notice of appeal is an event of jurisdictional significance" in that the appeal transfers jurisdiction over the aspects of the appeal from the district court to the court of appeals. *Blinco*, 366 F.3d at 1251 (quoting *Griggs v. Provident Consumer Discount*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). The exclusive jurisdiction over a case that is granted to an appellate court upon the filing of an appeal "avoids the confusion that would result from the simultaneous jurisdiction of two courts over the same matter." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Assoc., Inc.,* 895 F.2d 711, 713 (11th Cir.1990) (citing *Griggs*, 459 U.S. at 58, 103 S.Ct. 400). In this vain, "a federal district court and a federal court of appeals [cannot] ... assert jurisdiction over a case simultaneously," particularly when the only issue on appeal is whether the case should be litigated at all. *See Blinco*, 366 F.3d at 1251 (quoting *Griggs*, 459 U.S. at 58, 103 S.Ct. 400).

■ This issue was discussed at length, in a case of first impression, by the Eleventh Circuit in *Blinco v. Green Tree Servicing, LLC*, whose procedural posture is strikingly similar to that of the present case. In *Blinco*, the defendant appealed the district court's denial of its motion to compel arbitration under 9 U.S.C. § 16(a) and its motion to stay pending appeal. *Blinco*, 366 F.3d at 1250–51. The Eleventh Circuit held that the district court should have stayed proceedings in the case pending resolution of the appeal because the issue of continued litigation in the district court, raised by the motion to compel arbitration, was the "mirror image" of the

question presented on appeal. *Blinco*, 366 F.3d at 1251 ("[T]he filing of a non-frivolous appeal under 9 U.S.C. § 16(a) ... [should direct] the district court ... [to refrain from] exercis[ing] control over the aspects of the case involved in appeal.... [The appeal] divests the district court of its control over those aspects...."). Thus, if the precise issue that the appeals court must decide is "whether litigation may go forward in the district court," then the district court should stay the proceedings. *Blinco*, 366 F.3d at 1252 (quoting *Bradford–Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir.1997)). On this reasoning, and finding non-frivolous the defendant's appeal of the denial of its motion to compel arbitration, the court granted defendant's motion to stay proceedings in the district court pending the appeal of the denial of the motion to compel arbitration. *Id.* at 1253.

■ In addition to the foregoing reasons stated by the Eleventh Circuit in *Blinco*, considerations of resources and time further warrant depriving a district court of its authority to proceed in a case during an appeal when the appeal concerns a party's right not to litigate the dispute at all. *Blinco*, 366 F.3d at 1252 (analogizing appeal of a denial of a motion to compel arbitration to appeal of denial of defendant's claim of immunity from suit, as both arbitration and affirmative defense of immunity give the moving party a right not to litigate and end the action). Not only does the removal of the district court's jurisdiction during the pendency of an appeal serve *"judicial economy* ... [by] spar[ing] the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals," but it also serves the interest of *"fairness*

to parties who might otherwise be forced ... to fight a 'two front war' for no good reason." *Shewchun v. United States of America,* 797 F.2d 941, 943 (11th Cir.1986) (per curiam) (emphasis added).

■ In light of the foregoing Supreme Court and Eleventh Circuit precedents, the jurisdictional issue in the present case before the Court is easily resolved. Defendant's appeal has divested this Court of the power to hear the current matter, so it is only proper for the Court to stay consideration of Plaintiffs' Order to Preserve (Doc. 107). Plaintiffs, however, have repeatedly failed to recognize this jurisdictional impediment that prevents the Court from entertaining their arguments in support of the Motion to Preserve. Because the only issue before the Eleventh Circuit is whether the case should be litigated at all, the Court reasons that "it makes little sense," *see Blinco,* 366 F.3d at 1253, to proceed with the preservation order considering the possibility that the Eleventh Circuit may reverse this Court's March 31, 2010 Order denying arbitration (Doc. 94), And pursuant to *Blinco,* in the event the Eleventh Circuit does reverse and orders the dispute arbitrated, the Court's entry of Plaintiffs' Motion to Preserve while the case is pending before the Eleventh Circuit concerning the dispositive issue of arbitrability would waste both Defendant's and Plaintiffs', as well as the court system's, time and resources associated with enforcing and complying with the preservation order. As noted by Plaintiffs' requests in their Reply Brief (*see* Doc. 114 at 4), to comply with the requested preservation order, Defendant would need to make arrangements with the entities that possess the loan termination dates and other relevant documents—arrangements which may entail costly efforts for Defendant that may ultimately serve no purpose if the dispute is arbitrated.

Moreover, the Court does not find any justification—such as the preservation of the status quo—to grant Plaintiffs' Motion to Preserve and therefore finds Plaintiffs' reference to *NRDC* inapposite. In *NRDC,* the only reason the Ninth Circuit affirmed the district court's postjudgment modifications to an injunction entered against the defendant while the case was on appeal was due to the fact that the modifications were minor adjustments that enforced the underlying purposes of the original requirements of the injunction. In this light, as the Ninth Circuit noted, the modifications to the injunction during the pendency of the appeal did *not materially alter* the status of the case on appeal and only *clarified* the provisions of the injunction. *See NRDC,* 242 F.3d at 1166.

Here, however, any order by the district court directing Defendant to preserve the requested information may materially alter the status quo of the case given the dispositive nature of the arbitration issue on appeal before the Circuit. If the Court orders Defendant to exercise efforts to preserve the requested termination dates, which Defendant alleges are outside of its control, custody, and possession, Defendant must engage in costly and time consuming methods to advance a case in this judicial forum that may ultimately be dismissed. Any effort to preserve the status quo through the preservation order may thereby be illogical and work against the principles and policies proposed in *Chudasama, Blinco,* and *Shewchun,* pending the outcome of the arbitration matter on appeal. In sum, unlike the district court's modification of the injunction in *NRDC,* this Court's entry of a protective order would shift focus from the core question

that is ultimately at issue before the Eleventh Circuit—whether the district court should have ordered the parties to arbitrate the case. Only when the arbitration issue is resolved and only if the case is remanded to this Court should this Court re-shift its focus in the case to consider Plaintiffs' Motion to Preserve.

Lastly, this Court finds it unwarranted to order Defendant to fulfill a duty it is already obligated to perform under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 26 (ordering required disclosures of information, documents, and contacts that producing party may use at trial in support of claims and/or defenses). And Plaintiffs' supposition that the requested documents face a risk of loss or destruction—an assumption insubstantially based on affidavits from similar credit insurance cases—does not demonstrate the Court's need to remind Defendant to take steps to preserve documents or information that the Federal Rules already mandate Defendant preserve. Indeed, such a "reminder" would serve no purpose. Therefore, under Griggs and *Blinco,* Plaintiffs' Motion to Preserve (Doc. 107) is STAYED, and Defendant's Motion to Stay (Doc. 112) is **GRANTED.**

## *CONCLUSION*

Defendant's appeal of this Court's denial of arbitration, brought pursuant to 9 U.S.C. § 16(a), precludes this Court from granting Plaintiffs' Motion to Preserve (Doc. 107) at the current stage of litigation. Accordingly, because the Court finds no reason to distinguish the present facts from *Blinco* and cannot deviate from relevant Supreme Court and Eleventh Circuit precedents, the Court **STAYS** Plaintiffs' Motion for Order Preserving Evidence (Doc. 107) and **GRANTS** Defendant's Motion to Stay Consideration of Plaintiffs' Motion for Order Preserving Evidence (Doc. 112).