ACCEPTED
03-15-00157-CV
4726823
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 12:31:18 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00157-CV

| | | |
|---|---|---|
| ARAMARK UNIFORM & CAREER APPAREL, LLC, *Appellant*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE THIRD |
| v. | | COURT OF APPEALS |
| AGENTEK, INC. *Appellee.* | | AUSTIN, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 12:31:18 PM
JEFFREY D. KYLE
Clerk

## APPELLANT'S MOTION TO STAY
## DISTRICT COURT PROCEEDINGS PENDING APPEAL

### A. INTRODUCTION

1. Appellant is ARAMARK UNIFORM & CAREER APPAREL, LLC; Appellee is AGENTEK, INC.

2. This interlocutory appeal is from a denial of a motion to compel arbitration and stay proceedings in Cause No. D-1-GN-14-005219, pending in the 98th Judicial District Court of Travis County, Texas. (*See* Notice of Appeal.) In May 2012, the Appellant here filed a claim with the American Arbitration Association pursuant to the terms of an arbitration agreement that it believed bound the parties. In December 2014, the Appellee filed its Original Petition in the instant action in Travis County. In January 2015, Appellant filed its application to compel arbitration and stay the proceedings in Travis County and also filed an Answer to the Original Petition. On February 19, 2015, the 98th Judicial District Court heard argument on Appellant's application to compel arbitration and stay the proceedings, and shortly

APPELLANT'S MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING APPEAL

thereafter, on February 24, signed an order denying that motion, and Appellant timely filed its notice of appeal in the district court on March 10, 2015. (*See Id.*)

3.    Between the time that the district court signed its order and Appellant filed its notice of appeal, Appellee served two sets of discovery requests on Appellant, and has offered no indication that it intends to await the disposition of this appeal before advancing full-ahead in the district court.

4.    Because Appellee is moving forward with litigation in the district court, Appellant moves this court to stay the district court proceedings pending appeal. Texas Rule of Appellate Procedure 29.5(b) makes it clear that that district court may not make any orders that "interfere[] with or impair[] the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." Whether the district court makes any order, however, allowing discovery to move forward in the district court deprives Appellant of the most significant benefit of its agreement to arbitrate – specifically the right to have disputes resolved in a more efficient and economical fashion than traditional litigation. In order to protect this right, both the Federal Arbitration Act (which applies to this case) and the Texas Arbitration Act authorize litigants to seek immediate appellate review of an order denying a motion to compel arbitration. If Appellant is forced to incur the expense of litigation before its appeal is heard, the appeal will effectively be moot (even as this Court has obviously attempted to expedite this and similar interlocutory appeals), and the Federal Arbitration Act and Texas Arbitration Act's right to appeal would be – effectively –

meaningless. As discussed below, because this appeal (i) raises serious legal issues, (ii) Appellant will be irreparably harmed without a stay of this proceeding pending an appeal, (iii) Appellee will not be substantially harmed by the granting of a stay, and (iv) both the public interest in conserving judicial resources and the strong state and federal policies in favor of arbitration weigh in favor of a stay, the balance of equities dictate that the district court proceedings should be stayed pending this appeal.

## B.    ARGUMENT & AUTHORITIES

5.    Both the Federal Arbitration Act and the Texas Arbitration Act authorize immediate appellate review of an order denying a motion to compel arbitration or refusing a stay of litigation pending arbitration. 9 U.S.C. § 16(a)(1); Tex. Civ. Prac. & Rem. Code §§ 171.098(a)(1), 51.016. Appellant has obviously exercised its right to an immediate interlocutory appeal of the district court's order denying its application to compel arbitration and stay the district court proceedings.

6.    There is no statute or Texas case suggesting that proceedings in the district court are automatically stayed pending the outcome of an appeal of an order denying a motion to compel arbitration. To the contrary, the Texas Rules of Civil Procedure make it clear that "[w]hile an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case . . ." and may make any other order that is *not* "inconsistent with any appellate court temporary order" and that does not "interfere[] with or impair[] the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." Tex. R. App. P. 29.5. By the same

token, the "appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal . . . ." Tex. R. App. P. 29.3.

7.      Appellant urges that the only way to preserve the parties' rights until disposition of the appeal is by maintaining the status quo with an order staying any further proceedings in the district court.

8.      While there is no Texas authority directly on point, and this Court is not bound by federal authority regarding the procedural aspects of this case, *Roe v. Ladymon*, 318 S.W.3d 502, 510 (Tex. App. – Dallas 2010), the Texas Arbitration Act and the Federal Arbitration Act are quite similar, and Texas courts look to federal cases interpreting the FAA as persuasive in matters governing Texas's own statutory scheme, *Kilroy v. Kilroy*, 137 S.W.3d 780, 787 n.2 (Tex. App. – Houston [1st Dist.] 2004). And the policy behind why federal courts frequently (automatically in a majority of federal Circuits) stay trial court proceedings pending appeals of denials of motions to compel arbitration is identical to the policy interest here; *if* Appellant's claims are arbitrable, then the *only* place it should be required to continue with the dispute resolution process is in the arbitration.

9.      The majority of the United States Courts of Appeal to consider the issue have held that a stay of all district court proceedings is automatic upon the filing of a non-frivolous appeal from a denial of a motion to compel arbitration. *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005); *Blinco v. Green Tree Servicing, L.L.C.*,

366 F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Comp. Network, Inc.*, 128 F.3d 504, 507 (7th Cir. 1997). Others have held that staying the case is discretionary. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

10. Even in jurisdictions where a stay is discretionary, like the Ninth Circuit, courts overwhelmingly find that a stay should be issued pending the appeal of a denial of a motion to compel arbitration. *See, e.g., Hunt v. Check Recovery Sys., Inc.*, Nos. C-05-4993-SBA, C-06-203-SBA, 2008 WL 2468473 (N.D. Cal. June 17, 2008 (granting a stay and noting that "California district courts frequently issue stays in an action when there is a matter pending interlocutory appeal."); *Steiner v. Apple Computer, Inc.*, No. C-07-04486-SBA, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008 (granting a stay and noting that "almost every California district court to consider whether to stay a matter, pending appeal of an order denying a motion to compel arbitration, has issued a stay").

11. The only way to "preserve the parties' rights until disposition of the appeal" is by staying the trial court proceedings in this case. If the Court finds that the arbitration that has been pending since May 2012 is the proper forum for this dispute, the district court's and the parties' resources will have been needlessly expended on continuing preparations for trial. To force Appellant to litigate this matter while its appeal is pending is to deprive it of the most significant benefit of the parties' agreement to arbitrate – specifically, the right to have disputes resolved in a more

efficient and economical fashion than traditional litigation. *See Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 309 (S.D. Tex. 1999) ("[Movant] will suffer irreparable injury absent a stay because it will be forced to participate in discovery under court order and its right to arbitrate the dispute will be jeopardized by such discovery."); *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Secs. Corp., 716* F. Supp. 307, 310 (W.D. Tenn. 1989) ("If the defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless.").

12.     This question is not theoretical; Appellee has served discovery requests on Appellant, evidencing its intent to have the district court case move forward even as this appeal is pending.

13.     And if the Court grants the stay, it will have no effect on Appellee. Appellee has had the opportunity at any point after May 2012 to file its suit in the Texas court, if it believed that the arbitration was improper and should not have been moving forward. Appellee cannot, therefore, be heard to complain of delay, even if this appeal had the potential to be lengthy. The reality is that this Court appears to be treating this appeal expeditiously. And Appellant has not acted to delay any proceeding at any point, but rather promptly filed a motion to compel arbitration, and promptly filing a notice of appeal when that motion was denied.

## C. CONCLUSION

14. Courts across the country routinely stay district court proceedings pending an appeal of an order denying a motion to compel arbitration. And given Appellee's actions in moving the litigation forward in the district court, this Court should act to "preserve the parties' rights until disposition of the appeal" by staying proceedings in the district court until this Court has an opportunity to determine whether the case should be submitted to arbitration. Even though the district court has not yet affirmatively exercised its jurisdiction in a way that renders this appeal meaningless, the Appellee has used the district court's continued jurisdiction over this matter to undermine the Appellant's right to an immediate appeal of the denial of its motion to compel arbitration; Appellant has been and will continue to be irreparably harmed without a stay of these proceedings. Consequently, Appellant respectfully

///


///

requests that the Court stay any further proceedings in Cause No. D-1-GN-14-005219 in the 98th Judicial District Court of Travis County pending resolution of this appeal.

Respectfully submitted,

**COLEMAN FROST LLP**

By: /s/ Daniel L. Alexander

Daniel L. Alexander
   State Bar No. 24058225
429 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Tel. (310) 576-7312
Fax (310) 899-1016
daniel@colemanfrost.com

ATTORNEYS FOR APPELLANT
ARAMARK UNIFORM & CAREER
APPAREL, LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that, in accordance with Texas Rule of Appellate Procedure 10.1(a)(5), I conferred with counsel for Appellee about the merits of this Motion. Appellee does not agree to the relief requested in this Motion.

/s/ Daniel L. Alexander

Daniel L. Alexander

## CERTIFICATE OF SERVICE

I certify that on April 1, 2015, I served a copy of APPELLANT'S MOTION

TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL on the

counsel listed below by electronic service, and the electronic transmission was

reported as complete. My e-mail address is daniel@colemanfrost.com.

| | |
|---|---|
| W. Reid Wittliff<br>  reid@wittliffcutter.com<br>WITTLIFF CUTTER, PLLC<br>1803 West Avenue<br>Austin, Texas 78701 | Attorneys for Appellee<br>AGENTEK, INC. |

/s/ Daniel L. Alexander
DANIEL L. ALEXANDER

ATTORNEY FOR APPELLANT
ARAMARK UNIFORM & CAREER
APPAREL, LLC