Ardeshir GOSHTASBY,
Plaintiff–Appellee,

v.

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS,
Defendant–Appellant.

No. 97–2297.

United States Court of Appeals,
Seventh Circuit.

Submitted July 3, 1997.

Decided July 23, 1997.

Lisa Kane (submitted), John Green, Kane & Associates, Chicago, IL, for Plaintiff–Appellee.

Carla J. Rozycki, Jeffrey J. Ward, Norma W. Zeitler, Keck, Mahin & Cate, Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

The University of Illinois is part of the State for purposes of the eleventh amendment to the Constitution. *Kaimowitz v. Board of Trustees of University of Illinois,* 951 F.2d 765, 767 (7th Cir.1992); *Kroll v. Board of Trustees of University of Illinois,* 934 F.2d 904, 906–07 (7th Cir.1991). This sets the stage for the University's contention that litigation against it under the Age Discrimination in Employment Act must take place in state rather than federal court. *Seminole Tribe of Florida v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), holds that the Commerce Clause, the principal source of power to enact the ADEA, does not permit Congress to subject states to suit in federal court. Section 5 of the fourteenth amendment does confer that power, see *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), and we held in *Davidson v. Board of Governors of State Colleges and Universities,* 920 F.2d 441, 443 (7th Cir.1990), and *EEOC v. Elrod,* 674 F.2d 601 (7th Cir.1982), that the application of the ADEA to states and their subdivisions is an exercise of the § 5 power. Now the University of Illinois wants us to revisit that question, relying in part on recent decisions concluding that Congress *did not* use its power under § 5, e.g., *Humenansky v. Board of Regents of University of Minnesota,* 958 F.Supp. 439 (D.Minn.1997); *MacPherson v. University of Montevallo,* 938 F.Supp. 785 (N.D.Ala.1996), and in part on the view expressed by four Justices in *EEOC v. Wyoming,* 460 U.S. 226, 259–63, 103 S.Ct. 1054, 1072–74, 75 L.Ed.2d 18 (1983) (dissenting opinion), that Congress *could not* use § 5 to apply the ADEA to the states. (The majority in *Wyoming* left the question open. 460 U.S. at 243 & n. 18, 103 S.Ct. at 1064 &

n. 18. See also *Gregory v. Ashcroft*, 501 U.S. 452, 468–70, 111 S.Ct. 2395, 2404–05, 115 L.Ed.2d 410 (1991).)

Ardeshir Goshtasby, an assistant professor of engineering at the Chicago campus of the University of Illinois, was passed over for tenure and given a terminal contract in May 1995. He believes that the University discriminated against him because of his age (45 at the time) and filed this suit in federal court seeking damages plus prospective relief. In response, the University invoked the eleventh amendment. After the district court registered its disagreement with *MacPherson* and ordered the suit to proceed, the University filed an interlocutory appeal on the authority of *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). The district judge declined to postpone discovery and other proceedings while the case was on appeal, but a judge of this court issued a stay while the parties filed additional papers. Whether (and when) such a stay during an eleventh amendment appeal is proper is a subject so far not addressed by any court of appeals. The motion for a stay pending appeal has been fully briefed and is ready for decision by this motions panel. Goshtasby has raised the stakes by asking for summary affirmance. We tackle that possibility first.

*Elrod* holds that the ADEA exercises legislative power under § 5, which allows Congress to open federal courts to suits against states. After four Justices in *Wyoming* disagreed with that conclusion, *Davidson* reiterated the holding of *Elrod*. Citing a handful of opinions by district courts in other circuits, the University of Illinois asks us to re-reconsider. Enough!, Goshtasby rejoins. Ordinarily two decisions would be plenty. But the Supreme Court's inconclusive encounters with § 5 and the ADEA in *Wyoming* and *Gregory* do not end the story. Within the month, the Court held that § 5 does not support the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, because Congress lacks "power to decree the substance of the Fourteenth Amendment's restrictions on the States." *Boerne v. Flores*, —— U.S. ——, ——, 117 S.Ct. 2157, 2164, 138 L.Ed.2d 624,

627 (1997). Section 5 confers on the legislature only the power to create remedies for violations as defined by the judicial branch, the Court wrote in *Boerne*. This draws into question the extent to which the ADEA may be applied to the states, for the Court has held that the equal protection clause of the fourteenth amendment permits states to make employment decisions on the basis of age—provided the state's decision satisfies the lax rational-relation test applied to economic legislation. See *Gregory*, 501 U.S. at 470–73, 111 S.Ct. at 2405–07; *Vance v. Bradley*, 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Whether the ADEA may be sustained as remedial legislation is a subject for the merits panel to consider; it is enough to say that after *Boerne* the University's appeal cannot be called frivolous, and the motion for summary affirmance is denied.

*Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), holds that when a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court must stay proceedings. Our reason was not any formal division of "jurisdiction" between trial and appellate courts—for an appeal from an interlocutory order may endow both courts with authority over discrete portions of the case—but the fact that immunity gives a public official a "right not to be sued" as well as a right to win on the merits. Delay in resolving litigation is unfortunate; costs rise and the chance that the final decision will be accurate falls. See *Clinton v. Jones*, —— U.S. ——, ——, 117 S.Ct. 1636, 1651, 137 L.Ed.2d 945 (1997). This led us to say in *Apostol* that a district court may disregard a frivolous appeal and press ahead. But if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending. Just so with an appeal by a state under the eleventh amendment. The Constitution gives states a right to confine litigation to their own courts, which led the Court in *Metcalf & Eddy* to hold that an order refusing to dismiss the case under the eleventh amendment

is a "final decision" appealable under 28 U.S.C. § 1291. Contrast *Pullman Construction Industries, Inc. v. United States,* 23 F.3d 1166 (7th Cir.1994) (because the United States has waived most of its sovereign immunity to suit in federal court, it may not take an interlocutory appeal to dispute the scope of relief; it has surrendered its "right not to be sued"). Although there are some differences between the rationale of *Metcalf & Eddy* and the rationale of *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), which covers immunity appeals, these differences do not matter under the view we took in *Apostol.*

Because the University's appeal is not frivolous, proceedings in the district court are stayed until this appeal has been resolved on the merits.