**BRADFORD–SCOTT DATA
CORPORATION, INC.,
Plaintiff–Appellee,**

v.

**PHYSICIAN COMPUTER NETWORK,
INC., et al., Defendants–
Appellants.**

Nos. 97–2415, 97–2568.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 19, 1997.

Decided Oct. 14, 1997.

Robert L. Hartley, Jr. (submitted on briefs), Henderson, Daily, Withrow & Devoe, Indianapolis, IN, for Plaintiff–Appellee.

David E. Wright, Johnson, Smith, Pence, Densborn, Wright & Heath, Indianapolis, IN, Michael B. Reuben, Samuel L. Barkin, Gordon, Altman, Butowsky, Weitzen, Shalov & Wein, New York City, for Defendants–Appellants.

Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Bradford–Scott Data Corporation agreed to sell some computer software written by VERSYSS Incorporated. The parties entered into two contracts, the Vertical Value–Added Reseller (VAR) Agreement and the Master License Agreement. Later VERSYSS was acquired by Physician Computer Network (PCN), which offers a software package competing with the VERSYSS package Bradford–Scott licensed. Bradford–

Scott then filed this suit, contending that the acquisition and some of its subsequent conduct placed VERSYSS in violation of its obligations under the Master License Agreement. Bradford–Scott asked the district court to issue a preliminary injunction, which the judge declined to do; the court also held that Bradford–Scott is not required to arbitrate this dispute. The VAR Agreement contains a broad arbitration clause, covering "any dispute or controversy between the parties ... relating to this Agreement"; the Master License Agreement has a narrow arbitration clause covering only "payments dispute[s] concerning license or support fees". The district judge thought that the two clauses conflict, and he applied the clause in the Master License Agreement because Bradford–Scott's claims are based on that agreement rather than the VAR Agreement. The district court's conclusion that the dispute is not arbitrable led it to deny the request to stay the litigation under 9 U.S.C. § 3. PCN and VERSYSS immediately appealed on the authority of 9 U.S.C. § 16(a)(1)(A), which permits an appeal from any order "refusing a stay of any action under section 3 of this title". The district court refused to stay discovery and trial pending appeal; PCN and VERSYSS now ask us for that relief.

■ The district judge's only reason—that he need not stay proceedings pending appeal, because he had not entered an appealable order—is untenable. The judge did not mention § 16(a)(1)(A), which authorizes appellate review in cases of this kind. For their part, the parties have approached the issue as if appellants were seeking a stay of an injunction, rather than a delay in proceedings. To obtain a stay of a district court's judgment, the appellant must establish irreparable harm and a significant probability of success on the merits, against a background norm that appellate courts are reluctant to disturb decisions in advance of full review. Judged by this standard, appellants' request would fail at the outset, for the costs of litigation are not irreparable injury. *FTC v. Standard Oil Co.,* 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); *Petroleum Exploration,*

*Inc. v. Public Service Commission,* 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294 (1938); *PaineWebber Inc. v. Farnam,* 843 F.2d 1050 (7th Cir.1988).

■ We approach the subject from a different perspective, however, asking not whether appellants have shown a powerful reason why the district court must halt proceedings, but whether there is any good reason why the district court may carry on once an appeal has been filed. For it is fundamental to a hierarchical judiciary that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). See also, e.g., *Berman v. United States,* 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937); *Hovey v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883). The qualification "involved in the appeal" is essential—it is why the district court may award costs and attorneys' fees after the losing side has filed an appeal on the merits, why the court may conduct proceedings looking toward permanent injunctive relief while an appeal about the grant or denial of a preliminary injunction is pending. Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A), however; it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.

Section 16 of the Federal Arbitration Act replaces the unlamented *Enelow–Ettelson* doctrine, which was overruled by *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), with a simpler approach under which anti-arbitration decisions are immediately appealable, while orders enforcing arbitration clauses may be appealed only following the close of the entire case. See generally

*Briggs & Stratton Corp. v. Local 232, Allied Industrial Workers*, 36 F.3d 712 (7th Cir. 1994). Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals. One court of appeals reached exactly this conclusion in *Enelow–Ettelson* days, see *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613 (1st Cir.1959), and its conclusion is equally apt to appeals under § 16(a).

Without citing *Lummus*, two courts of appeals have refused to issue stays while § 16(a) appeals were under consideration. *In re Salomon Inc. Shareholders' Derivative Litigation*, 68 F.3d 554, 557 (2d Cir.1995), reports that decision without giving any reasons. *Britton v. Co–Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990), gives two reasons, neither of which persuades. The first is that arbitrability is distinct from the merits of the litigation, which the ninth circuit took to imply that an appeal concerning arbitrability does not affect proceedings to resolve the merits. The premise may be correct, see *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 21, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983) (though § 16(b)(1) upsets the principal holding of *Moses Cone*), but the conclusion does not follow. An appeal authorized by § 16(a)(1)(A) presents the question whether the district court must stay its own proceedings pending arbitration. Whether the litigation may go forward in the district court is precisely what the court of appeals must decide. The ninth circuit's second reason is that an automatic stay would give an obstinate or crafty litigant too much ability to disrupt the district judge's schedule by filing frivolous appeals. That is a serious concern, but one met by the response that the appellee may ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily. See *Abney v. United States*, 431 U.S. 651, 662 n. 8, 97 S.Ct. 2034, 2042 n. 8, 52 L.Ed.2d 651 (1977). See also *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989), and *Goshtasby v. University of Illinois*, 123 F.3d 427 (7th Cir.1997).

*Abney, Apostol*, and *Goshtasby* all were interlocutory appeals raising the question whether discovery and trial should proceed— in *Abney* the appellant contended that trial would violate the double jeopardy clause, in *Apostol* that trial would be incompatible with public officials' immunity from suit, and in *Goshtasby* that the eleventh amendment prevented the district court from exercising jurisdiction. Each kind of claim, *Apostol* and *Goshtasby* explain, is inconsistent with continuation of proceedings in the district court, and that the notice of appeal accordingly brings those proceedings to a halt *unless the appeal is frivolous.* Either the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case. *Apostol*, 870 F.2d at 1339; *Goshtasby*, 123 F.3d at 428. Otherwise preparation for trial must be suspended until the court of appeals renders a decision. What we said in *Apostol* and *Goshtasby* is equally applicable to appeals under § 16(a), and we apply their approach to this subject, which should make similar requests unnecessary in the future.

■ Bradford-Scott does not argue that the appeals are frivolous. Nor does it argue that any individual claim against PCN and VERSYSS is clearly non-arbitrable, making it unnecessary to decide whether a district court could proceed on such a claim even when an appeal confined to a different claim is non-frivolous. Bradford–Scott does observe that PCN and VERSYSS are only two among the four defendants, and that the case may proceed against the others. True enough, see *IDS Life Insurance Co. v. Sun-*

*America, Inc.*, 103 F.3d 524 (7th Cir.1996), but this does not imply that PCN and VERSYSS must lose the benefit of their arbitration agreements. The district judge should decide whether discovery among Bradford–Scott and the defendants who have not appealed sensibly can proceed without PCN and VERSYSS. If not, the judge should put a hold on discovery until the appeals have been resolved. Bradford–Scott is free to ask for expedition of the appeal; PCN and VERSYSS, who have filed their brief on the merits already, are unlikely to oppose such a request. Until the appeals have been decided, however, all proceedings in the district court concerning PCN and VERSYSS are stayed.