**ECOLAB, INC., Plaintiff–Appellee,**

v.

**GARDNER MANUFACTURING CO., INC., Defendant–Appellant.**

No. 03–1190.

United States Court of Appeals, Federal Circuit.

Jan. 10, 2003.

Before LOURIE, SCHALL, and GAJARSA, Circuit Judges.

## ON MOTION

GAJARSA, Circuit Judge.

### ORDER

Gardner Manufacturing Co., Inc. (Gardner) moves to stay the jury damages trial scheduled to commence on January 13, 2003, pending Gardner's appeal of the January 6, 2003 order of the United States District Court for the District of Minnesota denying Gardner's motion to compel the submission of damages to arbitration. Ecolab, Inc. opposes. Gardner replies. We consider whether the district court's order should be summarily affirmed.

Ecolab sued Gardner for patent infringement. Early in the proceeding, the parties prepared a "Stipulated Motion For Bifurcated Trial & For Trial Date Certain." The motion provided that liability and damages would be bifurcated, that liability would be tried to a jury, and that damages would be submitted to binding arbitration "conditioned upon grant of the instant Motion." The district court initially granted the motion. However, a few months later, on May 23, 2002, the district court vacated its order, declaring that the issues of liability and damages would both be tried to a jury. Gardner did not object then. Gardner objected only after the jury returned a liability verdict against it seven months later. At that late date, Gardner moved the district court to "[f]ollow the Stipulation of the Parties," arguing that the parties had an agreement to arbitrate damages. The district court determined that there was no binding contract to have the damages decided by arbitration because the stipulation was conditioned on the district court's grant of the motion and, "[b]ecause it was within the discretion of the district court to grant or deny the stipulated motion, the Court is not bound by the stipulation of the parties." The district court denied Gardner's motion to follow the stipulation and ordered the jury to reconvene to consider damages. Gardner appeals that order pursuant to 9 U.S.C. § 16.

Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.1994). Summary disposition may be particularly appropriate in a case involving an appeal from an order denying a motion to compel arbitration. *See Bradford–Scott Data corp., Inc. v. Physician Computer Network*, 128 F.3d 504, 506 (7th Cir.1997) (summary affirmance in an appeal regarding whether an issue should be arbitrated, rather than tried, may be appropriate because the appeal itself divests the district court of jurisdiction to conduct the trial). In the present case, it is clear that summary disposition is warranted. Gardner

argues that the district court erred in denying Gardner's motion to compel arbitration because the parties had "agreed in writing to arbitrate the damages issues." We disagree. The parties filed a motion regarding the trial proceedings, like many other motions that are filed in a court. That the motion was consented to, or was a joint motion, did not create a contract or an enforceable agreement in writing. In that respect, the district court was clearly correct in denying the motion to compel arbitration.

Accordingly,

IT IS ORDERED THAT:

(1) Gardner's motion is denied.

(2) The district court's order, denying Gardner's motion to compel arbitration, is affirmed.