Adela JOUBERT–VAZQUEZ,
et al., Plaintiffs,

v.

Zoime ALVAREZ–RUBIO,
et al., Defendants.

Civil No. 11–1194 (SEC).

United States District Court,
D. Puerto Rico.

Jan. 19, 2012.

Jorge Martinez–Luciano, M.L. & R.E. Law Firm, San Juan, PR, for Plaintiffs.

Angel E. Rotger–Sabat, Maymi, Rivera & Rotger–Sabat, Ivonne Cruz–Serrano, Maymi, Rivera & Rotger, PSC, Jorge L. Capo–Matos, O'Neill & Borges, Yadhira M. Rodriguez–Quinones, San Juan, PR, for Defendants.

## OPINION & ORDER

SALVADOR E. CASELLAS, Senior District Judge.

After launching a collateral attack on the Court's determination that the Puerto Rico State Insurance Fund had failed to carry the burden of proof as to its Eleventh Amendment contentions, defendants filed a "Motion Requesting Stay of Pro-

ceedings Pending Appeal." Docket # 93.[1] The Opinion and Order defendants appealed arose from a motion to dismiss that failed to identify and apply the controlling precedent—that is, *Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp.*, 322 F.3d 56, 59 (1st Cir.2003). See Docket # 80. The motion also depended, almost entirely, on an unpublished opinion containing a superficial one-paragraph discussion that left unattended most of the issues relevant to assess defendants' contentions. Id. But even worse, as to the most important point of the *Fresenius* analysis—the risk that the damages at issue would be paid from the public treasury—the motion relied, without a legal discussion or a single legal citation, on arguments that ran contrary to well-settled law. *Id.* Put differently, the first time around, defendants brought forth a complex question of law but failed to put the Court in a position to perform the requisite analysis. *See In re DiVittorio*, 670 F.3d 273, 288 (1st Cir.2012) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (citation omitted); *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at development argumentation, are deemed waived.").

■ History repeats itself here. Without identifying, much less applying, the standard underpinning their request, defendants come before the Court with a two-and-a-half page motion, alleging that pressing forward with the proceedings at this level "would gravely prejudice [them]

since immunity will be effectively lost if the case is erroneously permitted to proceed while the appeal is pending." Docket # 93, at ¶ 5.[2] The determination whether to grant a stay pending appeal hinges on (1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776–77, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *see also Acevedo–Garcia v. Vera–Monroig*, 296 F.3d 13, 16 (1st Cir.2002). Defendants fail each prong of this analysis.

■ In what appears to be their offering on the first prong of the analysis, defendants allude to three unpublished opinions which allegedly support their position. Defendants' motion to dismiss relied on the most recent opinion of this trilogy with the outcome highlighted above. The other two, were presented to the Court in defendants' motion for reconsideration. Docket # 85. The Court nonetheless discarded them, because, among other things, (1) the opinions preceded *Fresenius* by several decades; and (2) defendants had provided no courtesy copies even though the opinions were not available electronically. Docket # 91, p. 2 at n. 1. These shortcomings continue unaddressed; therefore, these two opinions do little to advance defendants position.

■ To support their motion to stay, defendants also point to arguments, documents, and case law brought forth for the first time in their motion for reconsideration. Docket # 93, p. 2 at n. 2, 3, and 4.

---

1. The Court also denied defendants' motion for reconsideration. Docket # 91.

2. Such a lackadaisical submission on itself provides enough grounds to deny defendants' request. *In re DiVittorio*, 670 F.3d at 288–89; *United States v. Zannino*, 895 F.2d at 17.

The law in this Circuit is unequivocal: "When a party makes an argument for the first time in a motion for reconsideration, the argument is not preserved for appeal." *Dillon v. Select Portfolio Servicing*, 630 F.3d 75, 80 (1st Cir.2011). Defendants have provided no authority or argument that would allow a contrary determination.

The Court already described what it believes to be defendants' position on the second prong of the analysis: that proceeding forward "would gravely prejudice Defendants since immunity will be effectively lost if the case is erroneously permitted to proceed while the appeal is pending." Docket # 93, ¶ 5. The named defendants in this case are the Puerto Rico State Insurance Fund Corporation ("SIFC") as well as two of its high ranking officials. Docket # 51. The Eleventh Amendment is inapplicable to the latter two who were sued on their personal capacities. As to the former, it would have to continue as a party to this case even if the relief requested on appeal were granted, because plaintiffs' suit falls squarely within the *Ex parte Young* exception to the Eleventh Amendment. See *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Defendants, however, fail to address these issues.

Rather, defendants cite *Lopez v. Massachusetts*, 588 F.3d 69, 73 (1st Cir.2009) for the proposition that "proceedings before the district court should be stayed pending the outcome of defendants' interlocutory appeal against the district court's denial of Eleventh Amendment Immunity." Docket # 93, ¶ 3. *Lopez*, however, stands for a much different proposition, totally unrelated with the one defendants advance. In fact, in *Lopez*, the Circuit Court relied on the doctrine of constitutional avoidance to sidestep the Eleventh Amendment inquiry altogether and only mentioned the subject of a stay pending appeal in discussing the procedural posture of the case. To be exact, the following quote contains the only instance in which the Lopez Court's 21-page opinion alluded to a stay pending appeal: "On May 13, 2009, the district court ordered proceedings before it stayed until this court resolves the appeal." *Id.*, at 73.

Defendants also cite *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir.1989), contending that such case holds that "during an interlocutory appeal from the denial of an eleventh amendment claim, the trial court should stay all further proceedings." But *Apostol* was a qualified immunity appeal, with the Eleventh Amendment implicated nowhere. The same happens with *Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (qualified immunity case); *Rivera–Torres v. Ortiz Velez*, 341 F.3d 86, 93–95 (1st Cir.2003) (same); and *Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir.1993) (official immunity case involving a congressman), which defendants cite without acknowledging that the Eleventh Amendment played no role in the appeals.

The only exception to defendants' less than candid presentation is *Goshtasby v. Board of Trustees of the Univ. of Ill.*, 123 F.3d 427, 428–29 (7th Cir.1997). There, the Seventh Circuit ordered a stay of all proceedings at the district level pending adjudication of an Eleventh Amendment challenge, concluding that "if defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending." *Id.* at 428. Nevertheless, *Goshtasby* is problematic in the context of this case for at least one reason. The *Goshtasby* Court relied on the rationale applicable to halt proceedings pending appeals in qualified immunity appeals, but did so without explaining its reasoning or reconciling the differences

between qualified immunity and Eleventh Amendment appeals. It is therefore unsurprising that more than 14 years after the *Goshtasby* holding, other Circuits have yet to adopt it.

In sum, in this case, where plaintiffs seek prospective injunctive relief under *Ex parte Young*, defendants will remain as a party regardless the outcome of their appeal. The only question the appeal will settle is whether the SIFC must provide monetary compensation to plaintiffs should they prevail at trial. So viewed, the Court cannot conclude that defendants will suffer an irreparable harm if the proceedings at this level continue.

The third prong of the analysis requires little discussion. At stake in this case are claims of over 55 governmental employees who allege having been victims of illegal demotions and salary decreases. Docket # 51. A possible scenario in this litigation is that defendants prevail on their Eleventh Amendment and qualified immunity contentions, while plaintiffs prevail on *Ex parte Young* grounds.[3] If this scenario materializes, even though plaintiffs would have proven that their demotions were illegal, they would receive no financial compensation for salaries not received or for other damages sustained during the pendency of the case. In other words, each day that this case drags on increases the possible monetary losses that plaintiffs face; therefore, the third prong also points against granting the stay defendants seek.

The same holds true with respect to the fourth and final prong of the analysis. Remarks Judge Gustavo A. Gelpi made in denying Eleventh Amendment protection to the SIFC suffice here:

> The court notes that the present ruling—mandated by Eleventh Amendment

jurisprudence—indirectly may impact the Commonwealth treasury, as well as affect the operation of the Fund in meeting its statutory purpose. This however, is not the only instance of a public corporation being unguarded by the Eleventh Amendment. The present result ... may be avoided in the future should the Commonwealth Legislative Assembly amend the Fund's enabling act so that it becomes an arm of the State. This, however, is a matter of public policy and not one for the court to opine.

*Aponte–Ramos v. Alvarez–Rubio*, 2011 WL 5855313, at *1 (D.P.R. Oct. 28, 2011) (internal citations omitted).

■ Other reasons also weigh heavily against defendants' request. Well-settled law provides that an appeal of a collateral order does not disrupt the litigation in the district court. *Stack v. Boyle*, 342 U.S. 1, 12, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (Jackson, J., concurring); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significant-it confers jurisdiction on the court of appeals and divest the district court of its control over **those aspects of the case involved in the appeal.**") (emphasis added). Defendants have provided no authority or argument indicating that their collateral attack on the Court's Opinion and Order merits deviation from this binding authority. Moreover, this case is still at an early stage; discovery has just concluded, summary judgment motions have yet to be filed, and a possible trial is still many months away. Docket # 18. The Court therefore sees no practical reason for staying the proceedings now.

---

**3.** Defendants raised the qualified immunity defense in their motion to dismiss, but the Court deferred the issue for the summary judgment stage. Docket # 80, p. 15.

## Conclusion

Based on the foregoing discussion, the Court **DENIES** defendants' motion to stay.

**IT IS SO ORDERED.**