NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2019
Decided January 8, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 18-1974 & 18-1975

| | |
|---|---|
| PAMELA KILTY, as Special Administrator of the Estate of Elvira Kilty, et al., and SCOTT SPATZ, as Special Administrator of the Estate of Herbert Spatz, | Appeals from the United States District Court for the Western District of Wisconsin. |
| *Plaintiffs-Appellees*, | Nos. 16-cv-515-wmc & 16-cv-726-wmc |
| *v.* | |
| WEYERHAEUSER COMPANY, | William M. Conley, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Weyerhaeuser Company, the defendant in these two consolidated tort suits, filed this interlocutory appeal of the denial of its motion to dismiss. Because the district court has since entered summary judgment in its favor on the merits, the appeal is moot. We therefore grant the appellees' motion to dismiss it.

We recount the relevant procedural history. Administrators of the estates of two deceased employees sued their former employer, Weyerhaeuser, under diversity jurisdiction. They alleged that the decedents acquired mesothelioma from "community exposure" to asbestos dust and fibers expelled from Weyerhaeuser's plant.

Weyerhaeuser moved to dismiss, arguing that the exclusive-remedy provision of Wisconsin's Worker's Compensation Act, WIS. STAT. 102.03(2), immunized it from tort suits brought by their former employees. Before the district court ruled on those motions, Weyerhaeuser moved for summary judgment on the merits. While the summary-judgment motions were pending, the court denied the motions to dismiss, reasoning that the Act did not bar employee suits based on community exposure.

After the district court denied the motions to dismiss, several events quickly occurred. First, Weyerhaeuser filed an interlocutory appeal to contest the denial of the motions to dismiss. Second, it moved to stay proceedings in the district court. Before the district court ruled on that motion, Weyerhaeuser asked this court for a similar stay. We denied the motion without prejudice so that the district court could decide the issue first. Then, one day after our ruling, the district court granted Weyerhaeuser's motions for summary judgment and denied its motions to stay as moot.

Once summary judgment was entered on the merits in favor of Weyerhaeuser, the plaintiffs asked us to dismiss the interlocutory appeal as moot. Weyerhaeuser opposed the motion, raising three contentions: (1) its interlocutory appeal divested the district court of jurisdiction to enter summary judgment, so the appeal remains live; (2) the denial of the motion to dismiss is immediately appealable as a collateral order; and (3) the district court's ruling about immunity is wrong.

If this appeal is moot and must be dismissed for that reason, we need not decide the close question whether the district court's ruling was immediately appealable as a collateral order. See *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949). Weyerhaeuser argues that it was immediately appealable because the Act immunizes the company from suit, not just liability. But when courts have interpreted other states' worker's compensation statutes, they have come to different conclusions. Compare *Black v. Dixie Consumer Prod. LLC*, 835 F.3d 579, 583 (6th Cir. 2016), cert. denied, 137 S. Ct. 2294 (2017) (citing *Beaver v. Oakley*, 279 S.W.3d 527, 528 (Ky. 2009)) (Kentucky contractor immunity statute provides immunity from suit and is thus immediately appealable), with *Freeman v. Kohl & Vick Mach. Works, Inc.*, 673 F.2d 196, 199–200 (7th Cir. 1982) (citing *Crider v. Zurich Ins. Co.*, 380 U.S. 39 (1965)) (Georgia worker's compensation statute provides immunity from liability and is thus not immediately appealable). This court in *Freeman* also offered this "strong argument" for denying collateral-order review: "the district court's order may be rendered moot by the subsequent course of the litigation." 673 F.2d at 200. Because that is what happened here, we do not decide whether the collateral-order doctrine applies, nor do we review the district court's interpretation of Wisconsin's Act.

Weyerhaeuser's success on the merits at summary judgment moots this interlocutory appeal. "Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom." *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 333 (1980). If the appellant "was not harmed by the judgment, he lacks standing to appeal." *Chase Manhattan Mortgage Corp. v. Moore*, 446, F.3d 725, 727 (7th Cir. 2006). Weyerhaeuser is not harmed by the adverse interlocutory ruling because, even if it was immune from suit under Wisconsin's Act, summary judgment in its favor on the merits precludes any further risk of suit. As we anticipated in *Freeman*, the subsequent course of this litigation following the interlocutory order has rendered this appeal moot.

Weyerhaeuser's responses do not persuade us otherwise. First, it contends that its filing of the notice of interlocutory appeal "divested the district court of jurisdiction over issues of Weyerhaeuser's liability." That is incorrect. The Supreme Court said in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), that "[t]he filing of a notice of appeal … divests the district court of its control over those aspects of the case involved in the appeal." But "*Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction: the doctrine applies only to 'those aspects of the case involved in the appeal.'" *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). This appeal seeks only a decision on immunity, not liability on the merits, and so the appeal did not divest the district court of jurisdiction over the merits. If it did, this court would not have answered Weyerhaeuser's motion to stay the district court's proceedings on the merits by telling it to return first to the district court.

The Supreme Court's decision in *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999), shows both that, despite an interlocutory appeal, a district court can retain jurisdiction to decide the merits of a case *and* that the merits decision can moot the interlocutory appeal. There, while the appeal of a preliminary injunction was pending, the district court permissibly decided the merits and entered a permanent injunction. *Id.* at 313. The plaintiff argued that the permanent injunction mooted the preliminary-injunction appeal. *Id.* at 313. The Court reiterated that "[g]enerally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter." *Id.* at 314. A limited exception may apply if, by winning the preliminary-injunction appeal, the defendant may recover against an injunction bond *Id.* at 317, 333. But this narrow exception does not apply here because Weyerhaeuser has no right of recovery (such as a bond) if the district court wrongly denied it immunity. See, e.g., *Int'l Bhd. of Teamsters, Local Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 235–37 (4th Cir. 2018).

With no bond at play, Weyerhaeuser replies that we must address the immunity question in order to spare it from the burden of future litigation. It relies on *Goshtasby v. Bd. of Trustees of Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997), where we said that "if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending." But in *Goshtasby* the context was different. We were ruling on a motion to stay proceedings in *ongoing* litigation.   No such motion is before us now because the case is over. If the district court had denied Weyerhaeuser's stay motion without simultaneously entering summary judgment, Weyerhaeuser could have returned to us to argue that we should order a stay. But that sequence did not occur. And it need not have. *Goshtasby* clarifies that even when we stay district-court proceedings based on immunity, we do not do so because of "any formal division of 'jurisdiction' between trial and appellate courts—for an appeal from an interlocutory order may endow both courts with authority over discrete portions of the case." *Id.*

Similarly, Weyerhaeuser unpersuasively argues that we may hear this appeal because the district court's ruling will have a "practical preclusive effect," even if not a "legally preclusive" one. It worries that, without an appellate immunity ruling, new plaintiffs may pursue the same claim, and the company will be caught in "an endless merry-go-round." *First Nat'l Bank v. Comptroller of Currency*, 956 F.2d 1360, 1363 (7th Cir. 1992). But that concern is not present. For one thing, the "endless merry-go-round" in *First National Bank* was litigation between the same two parties. *Id.* That cannot happen here—Weyerhaeuser prevailed on summary judgment, so the parties' disputes are over. Second, nothing precludes Weyerhaeuser from asserting statutory immunity if sued by new plaintiffs. And if a court denies immunity again, Weyerhaeuser may seek an expedited interlocutory appeal to reduce the risk that its new appeal might become moot. Finally, a fear of the collateral-estoppel consequence of a decision is not by itself grounds to appeal it. *LaBuhn v. Bulkmatic Transp. Co.*, 865 F.2d 119, 122 (7th Cir. 1988).

Likewise, this appeal does not remain live under the limited rule Weyerhaeuser invokes from *Camreta v. Greene*, 563 U.S. 692 (2011). There, the Court carved another slim exception to the presumption that a prevailing party cannot appeal. The case involved a public official who, the Ninth Circuit decided, violated a constitutional right but prevailed on qualified-immunity grounds because the right was not clearly established. *Id.* at 703. The Court ruled that the official could appeal the adverse ruling of substantive constitutional law because otherwise the Ninth Circuit's decision, if wrong, would adversely affect how that official discharged public duties in the future. *Id.* Weyerhaeuser's appeal does not fall within this exception for two reasons. First, the question whether Weyerhaeuser is immune from suit does not bear on how it handles

its substantive legal duties to the public. Second, in *Camreta,* the appellee had won on the substantive right, and so the appellant had a "stake in preserving the court's ruling" on immunity. *Id.* Here the appellees lost on the merits; this left them with no stake on appeal.

Weyerhaeuser's final argument is self-refuting. It suggests that if we rule that it is not immune, we "should remand the case with instructions to re-enter the summary-judgment order." And if we rule that it is immune, we "should vacate the summary-judgment order and remand with instructions to grant Weyerhaeuser's motion to dismiss." Weyerhaeuser thus presents an appeal in which the only thing that it asks us to decide is *how* it wins, not *whether* it wins. That is not an adequate reason for us to hear the appeal. See *LaBuhn*, 865 F.2d at 121–22 (desiring "the greater authority of an appellate decision," and fearing "a Pyrrhic victory" do not justify pursuing an appeal).

Thus, the appellees' motion to dismiss the appeals is GRANTED, and the appeals are DISMISSED.