# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 11, 2021          Decided July 6, 2021

No. 20-5216

EDWARD BANKS, ET AL.,
APPELLEES

v.

QUINCY L. BOOTH, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF
THE DISTRICT OF COLUMBIA DEPT OF CORRECTIONS AND
LENNARD JOHNSON, IN HIS OFFICIAL CAPACITY AS WARDEN,
D.C. DEPT. CORRECTIONS,
APPELLANTS

Consolidated with 21-5033

Appeals from the United States District Court
for the District of Columbia
(No. 1:20-cv-00849)

*Carl J. Schifferle*, Deputy Solicitor General, Office of the
Attorney General for the District of Columbia, argued the cause
for appellants. With him on the briefs were *Karl A. Racine*,
Attorney General, *Loren L. Alikhan*, Solicitor General, and
*Caroline S. Van Zile*, Principal Deputy Solicitor General.

*Steven Marcus* argued the cause for appellees. With him on the brief were *Scott Michelman, Arthur B. Spitzer, Jonathan W. Anderson, Jenna Cobb, Jonathan S. Meltzer, Jeremy S. Kreisberg, Brendan B. Gants,* and *Rachel G. Miller-Ziegler.*

*David M. Shapiro* was on the brief for *amicus curiae* the Roderick and Solange MacArthur Justice Center in support of appellees.

Before: HENDERSON and ROGERS, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: The Director and Warden of the District of Columbia Department of Corrections (collectively "Corrections") appeal from the district court's order of a preliminary injunction requiring the Department of Corrections to take certain actions to reduce the threat of COVID-19 within its correctional facilities. Appellants contend that under the governing provisions of the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(2), the preliminary injunction has expired, and the cases are now moot. Because we agree that the preliminary injunction has expired, challenges to the order imposing that injunction are moot and we must dismiss the appeal.

I.

On March 11, 2020, the mayor of the District of Columbia declared a public health emergency due to the COVID-19 pandemic. The Department of Corrections responded by instituting policies intended to protect its employees and inmates from the coronavirus.

On March 30, pretrial and postconviction inmates at D.C. correctional facilities filed a class action complaint and habeas petition, seeking relief on behalf of all inmates in D.C. facilities. The plaintiffs' complaint asserted causes of action under 28 U.S.C. § 2241 and 42 U.S.C. § 1983 for violations of the Fifth and Eighth Amendments. Plaintiffs immediately moved for a temporary restraining order, a preliminary injunction, and for the district court to certify the class.

Before ruling on the motions for preliminary relief, the district court appointed two amici to investigate and report on the conditions at D.C. correctional facilities. Amici reported that while suspected-positive inmates were appropriately quarantined, quality-of-life in quarantine units was substantially worse than for the general population. Moreover, inmates had delays in receiving care, personal protective equipment was scarce, social distancing was not enforced, cleanliness varied by unit, and inmates lacked access to confidential legal phone calls. Incorporating the amici's report in its findings of fact, the district court granted the plaintiffs' motion for a temporary restraining order on April 19. The order generally required Corrections to address the problems amici identified. After granting the temporary restraining order, the district court ordered amici to reevaluate the facilities to determine compliance with its order and provide further recommendations. Amici reported that Corrections had taken several appropriate steps, but not all reasonable precautions, to protect inmates. Although COVID cases in the correctional facilities decreased following mid-April, significant problems remained. For example, sanitation remained deficient and social distancing remained imperfect.

Two months later, on June 18, 2020, the district court granted plaintiffs' motion for a preliminary injunction. The

preliminary injunction ordered the defendants, *inter alia*, to ensure inmates receive medical attention within 24 hours after reporting of medical problems, to contract for COVID-19 cleaning services, ensure quarantine isolation units are nonpunitive, and provide access to confidential legal calls. Corrections immediately took steps to comply with the order. One month later, Corrections filed a motion to vacate the preliminary injunction due to changed circumstances under Federal Rules of Civil Procedure 54(b), 59(e), and 60(b). In response, the court asked amici once again to report on conditions in D.C. jails. Amici reported substantial improvement in Corrections' COVID protocols, but also imperfect compliance with the district court's preliminary injunction. Based on that report, the district court determined that changed factual circumstances did not justify vacating the injunction.

On appeal, Corrections argue that their appeal is moot because the preliminary injunction expired after 90 days under the Prison Litigation Reform Act. In the alternative, they challenge the district court's grant of a preliminary injunction in the first instance and its failure to vacate the injunction based on changed circumstances. Although appellants also argue that the district court made distinct errors in the issuance of the preliminary injunction, because appellants' mootness argument is dispositive, we need not address the other issues.

## II.

The mootness argument tests the jurisdiction of the court. Therefore, we must address this issue before even considering any other. In addressing this issue, we must determine whether the Prison Litigation Reform Act's 90-day expiration period for preliminary relief applies to the order under review. If it does, this appeal is moot and we must order dismissal.

The relevant provision of the Prison Litigation Reform Act states:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2). More briefly put, if a judge enters a preliminary injunction in a suit covered by this section, that injunction will terminate on its 90th day unless the court has rendered it permanent and made specific findings that the restraint is narrowly drawn, extends no further than necessary to correct the violation of federal right, and is the least intrusive means necessary to correct that violation.

The statute defines the term "civil action with respect to prison conditions" as "mean[ing] any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include

habeas corpus proceedings challenging the fact or duration of confinement in prison." *Id.* § 3626(g)(2).

The statute further defines the term "prison" as "mean[ing] any Federal, State, or local facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." *Id.* § 3626(g)(5).

Appellants' mootness argument is straightforward. The statute covers civil actions addressing prison conditions. This action is a civil action addressing conditions in District of Columbia Department of Corrections facilities. The statute requires the making of certain findings. Appellees concede that the district court did not make the findings required under section 3626(a)(1) or make the order final before 90 days after the entry of the preliminary injunction. *See* Appellees' Br. 13–25.

There can be no serious argument that this statute does not govern this case. This litigation is quintessentially the case to which the statute applies. The statute describes a civil action "with respect to prison conditions." 18 U.S.C. § 3626(a)(2). This case arises on a complaint that alleges claims based on conditions in the District of Columbia prisons and nothing else. The statute addresses a preliminary injunction affecting those conditions, and we have before us a preliminary injunction addressing those claims. While we hardly need precedent for the proposition that this is a civil action addressing covered conditions, we note that the Third, Fifth, and Eleventh Circuit Courts of Appeals have considered the issue in passing and summarily concluded or assumed that section 3626(a)(2) applies to similar cases. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 317–18 n.6 (3d Cir. 2020); *Swain v. Junior*, 961

F.3d 1276, 1294 n.10 (11th Cir. 2020); *Valentine v. Collier*, 956 F.3d 797, 805–06 (5th Cir. 2020).

Plaintiff-appellees' arguments to the contrary are based on their having joined with the civil action a claim under habeas corpus challenging the fact of their confinement. While the allegations of the complaint may not be sufficient to support the claim of habeas in any event, which we need not currently decide, the joinder is hardly adequate to defeat the plain meaning of the statute. We have frequently stated that Congress says what it means and means what it says. In this statute Congress clearly meant for preliminary injunctions in civil actions respecting prison conditions to last no longer than 90 days. In this case the 90th day ended on September 16, 2020. Congress meant this so strongly that it made out very specific conditions under which the limitation to 90 days would not apply. These conditions were the findings that everyone agrees the district judge did not make. Appellees would have us hold that after having gone to this trouble with specificity to state exactly what it meant, Congress sub silentio created a further exception to its clear meaning for any case in which creative plaintiffs added a second claim. We can hardly accuse Congress of such roundabout drafting. We have stated before that Congress does not hide elephants in mouseholes. *Am. Bar Ass'n v. FTC*, 430 F.3d 457, 467 (D.C. Cir. 2005) (quoting *Whitman v. Am. Trucking Ass'ns,* 531 U.S. 457, 468 (2001)). In this case, we are not going to hold that Congress enumerated the mice and then unleashed an invisible elephant to trample the field. Indeed, our precedent avoids sanctioning strategic pleading used to evade the Prison Litigation Reform Act's requirements. *See In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997) ("[I]t would defeat the purpose of the [Prison Litigation Reform Act] if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for

8

habeas corpus."); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1041–42 (D.C. Cir. 1998).

As we noted, the allegations attempting to allege habeas may not be sufficient to clearly state a habeas corpus claim. Habeas corpus tests the fact or duration of the confinement, rather than conditions. Again, though, we need not decide anything with reference to that claim. We only determine that such a claim cannot change the nature of the actions to which it is attached.

Therefore, we hold that appellants' claim of mootness is well taken, and we dismiss the appeals of the order imposing the preliminary injunction and the order denying the motion to vacate the injunction based on changed circumstances. We will, however, remand the cases for any further proceedings that may be necessary to determine the viability of any remaining claims.

*So ordered.*