**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6200**

SOFIA CANO,

        Plaintiff - Appellee,

      v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; BRYAN P. STIRLING; DR. CHRIS KUNKLE; ESTHER LABRADOR; DR. ANDREW HEDGEPATH; DR. JOHN TAYLOR; WILLIAM LANGDON; MCKENDLEY NEWTON; TERRIE WALLACE; SALLEY ELLIOTT; KENNETH L. JAMES; NETRA ADAMS; PAMELA DERRICK; DR. ROBERT ELLIS; DR. JENNIFER BLOCK; TIMOTHY GREEN; CHELSEA JOHNSON; YVONNE WILKINS-SMITH; SHAWANDA WASHINGTON,

        Defendants - Appellants,

------------------------------

GOVERNOR MCMASTER,

        Amicus Supporting Appellants.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Donald C. Coggins, Jr.  (9:22-cv-04247-JDA-MHC)

Submitted:  September 6, 2024           Decided:  October 16, 2024

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Daniel C. Plyler, Austin T. Reed, Frederick N. Hanna, Jr., SMITH ROBINSON, LLC, for Appellants.  Meredith McPhail, ACLU OF SOUTH CAROLINA, Columbia, South Carolina; Scott Novak, BAKER BOTTS, L.L.P., Washington, D.C., for Appellee.  Thomas A. Limehouse, Jr., Chief Legal Counsel, Wm. Grayson Lambert, Senior Litigation Counsel, Erica W. Shedd, Deputy Legal Counsel, OFFICE OF THE GOVERNOR, Columbia, South Carolina, for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The South Carolina Department of Corrections and several individually named South Carolina Department of Corrections officials (collectively "SCDC") noticed an appeal challenging a finding in the district court's order granting in part and denying in part plaintiff Sofia Cano's motion for preliminary injunction. The preliminary injunction order, issued in accordance with the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(2), directed SCDC to "provide Plaintiff with medically necessary gender-affirming care for her gender dysphoria" and to "have Plaintiff evaluated by SCDC medical professionals within 30 days of [the order's] date to determine whether hormone therapy is medically necessary to treat Plaintiff's gender dysphoria." J.A. 310–11. In response, SCDC filed a notice indicating it had complied with the court's order to evaluate Cano.

On appeal, SCDC challenges what it calls a narrow ruling in the preliminary injunction order. Specifically, it challenges the court's finding that a South Carolina budget proviso "does not prohibit the use of state funds to begin hormone therapy for Plaintiff." J.A. 301.[1] SCDC asserts that we have jurisdiction to hear its appeal of the interlocutory order based on 28 U.S.C. § 1292.

On August 6, 2024, Cano filed a "Notice that Appealable Order Has Expired" in this Court indicating that under the PLRA, the January 30, 2024 preliminary injunction

---

[1] The actual proviso is South Carolina Budget Proviso 65.28. The district court also addressed it in denying SCDC's motion to dismiss, explaining that "the Budget Proviso does not necessarily prohibit the use of state funds to provide hormone therapy to Plaintiff." J.A. 294–95. That order was not appealed.

3

order has expired. In the Notice, Cano reported that SCDC maintains the order's expiration did not affect the appeal. Cano took no position. On August 1, 2024, Cano also moved in the district court to renew and reenter the general terms of the preliminary injunction. That motion remains pending.

The PLRA, which governs civil lawsuits concerning prison conditions, permits preliminary injunctive relief if narrowly drawn in the "least intrusive means necessary to correct [the] harm." 18 U.S.C. § 3626(a)(2). Generally, "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry." *Id.* However, "if a judge enters a preliminary injunction in a suit covered by [§ 3626(a)(2)], that injunction will terminate on its 90th day unless the court has rendered it permanent and made specific findings" concerning its necessity and narrowness. *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021).

There is no dispute that § 3626(a) of the PLRA applies to this case. And neither party contends the district court made the requisite findings or made the preliminary injunction order permanent before the expiration of the 90-day period. Nor does it appear the parties asked the court to do so.

SCDC claims that that expiration of the preliminary injunction order does not affect our jurisdiction over the appeal. That's because, according to SCDC, the district court's finding on the budget proviso is now the law of the case that is binding at future stages of the litigation. Without deciding whether the district court's decision on the budget proviso is now the law of the case, we have jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292. At this point, due to the

expiration of the preliminary injunction order, there is no appealable order to establish our jurisdiction to address the district court's budget proviso finding. And without an appealable order, we lack the authority to address the merits. *See Int'l Bhd. of Teamsters, Loc. Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 233–36 (4th Cir. 2018); *Smith v. Edwards*, 88 F.4th 1119, 1124–26 (5th Cir. 2023) (finding expired § 3626 preliminary injunction rendered appeal moot, leaving nothing for review); *see also United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228–1230 (11th Cir. 2015) (same).

Here, the preliminary injunction expired 90 days after it was issued, leaving no appealable order. As a result, we dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.[2]

*DISMISSED*

---

[2] Our dismissal should not be construed to express any opinion about the merits of SCDC's challenge to the district court's finding about the budget proviso.